IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark A. Kendrick,

    Plaintiff,

v.

Case No. 2:09-cv-177

Terry Collins, et al.,

Judge Michael H. Watson

    Defendants.

## ORDER

Plaintiff alleges that, while committed for treatment at the Oakwood Forensic Center in 1985, following a finding of not guilty by reason of insanity, he was subjected to the surgical implantation of a "crank phone apparatus" into his head. Plaintiff also complains that, in 2007, prison officials refused his request that the "crank phone apparatus" be surgically removed. Finally, plaintiff asserts that, in 1998, he was denied effective access to the courts in connection with his sexual offender adjudication hearing. On March 13, 2009, the United States Magistrate Judge recommended that all the claims asserted in the complaint be dismissed as either time-barred or without merit. *Report and Recommendation*, Doc. No. 2. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. §636(b).

Plaintiff objects to the United States Magistrate Judge's recommendation that certain of his claims be dismissed as untimely. Claims under 42 U.S.C. §1983 arising in Ohio must ordinarily be brought within two years. *Banks v. City of Whitehall*, 344 F.3d 550 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Plaintiff's claims relating to a 1985 surgical procedure and to a 1998 sexual offender adjudication hearing clearly fall outside that two-year window. However, plaintiff argues in his objections that these claims

are timely because the violation of his rights has continued to the present.

A statute of limitations may be extended where the claim arises out of a continuing violation of a plaintiff's rights. *Tolbert v. State of Ohio Dep't of Transp.*, 72 F.3d 934 (6th Cir. 1999). However, "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.*, at 940 (quoting *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991)). This Court concludes that the "continuing violation" theory does not apply to plaintiff's claims and will not serve to extend the two year statute of limitations otherwise applicable to those claims. Plaintiff also objects to the recommendation that his claims of denial of requested medical care be dismissed. As the *Report and Recommendation* noted, documents submitted in support of the complaint suggest that plaintiff was not denied medical care; plaintiff's claims appear to arise out of his request for a specific form of medical treatment. However, a disagreement between prison officials and an inmate as to a particular form of medical treatment will not give rise to a claim under federal law. *Westlake v. Lucas,* 537 F.2d 257 (6th Cir. 1976).

Having carefully reviewed the record, the *Report and Recommendation* and plaintiff's objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED,** pursuant to 28 U.S.C. §1915(e), for failure to state a claim. The Clerk shall enter **FINAL JUDGMENT.** Moreover, the Court concludes that an appeal from the judgment would not be taken in good faith.

*/s/ Michael H. Watson*
Michael H. Watson, Judge
United States District Court

2